OPINION
{¶ 1} On July 12, 2004, appellant, Jeremy Rath, was charged with knowingly obtain, possess, or use a controlled substance in violation of R.C. 2925.11 and knowingly use or possess with purpose to use, drug paraphernalia in violation of R.C. 2925.14. Said charges were the result of a search of appellant's vehicle during a police investigation along I-71.
 {¶ 2} A trial before a magistrate which appellant consented to was held on August 30, 2004. By decision filed same date, the magistrate found appellant guilty of the R.C. 2925.14 charge, and suspended his driver's license for six months and ordered him to pay a fine and court costs.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The search of the defendant's automobile was illegal and in violation of the defendant's fourth amendment to the united states constitution and the ohio constitution right to be free from illegal search and seizures."
 I {¶ 5} Appellant claims the police violated his right against illegal search and seizure when they searched his automobile. We disagree.
 {¶ 6} In order to preserve a suppression issue for appeal, it must first be raised in the trial court. State v. Wade (1978),53 Ohio St.2d 182, 189-190, vacated in part on other grounds, Wade v.Ohio (1978), 438 U.S. 911; Crim.R. 12(C)(3). Appellant failed to file a motion to suppress. In addition, appellant's case was tried to a magistrate and pursuant to Crim.R. 19(E)(2), in order to perfect an issue for appeal, objections must be made to the trial court within fourteen days of the magistrate's decision. Appellant was informed of this objection procedure. See, Consent to Trial or Plea Before Magistrate filed August 30, 2004. Objections were not made to the trial court.
 {¶ 7} Pursuant to App.R. 9(A), when "the transcript of proceedings is in the videotape medium, counsel shall type or print portions of such transcript necessary for the court to determine the questions presented." This has not been done sub judice. Without a transcript or an App.R. 9(C) statement, we must assume regularity of the proceedings and affirm. Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197.
 {¶ 8} For all of the above reasons, the sole assignment of error is denied.
 {¶ 9} The judgment of the Municipal Court of Delaware County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Delaware County, Ohio is affirmed.